## CLERK HIRE IN COUNTY OFFICES.

Common Pleas Court of Sandusky County.

IN THE MATTER OF THE ALLOWANCE OF THE COUNTY COMMIS-
SIONERS FOR COMPENSATION FOR CLERK HIRE FOR
COUNTY OFFICES.

Decided, March 9, 1908.

*Appeal—Lies From County Commissioners, When—Allowances to
County Offices—Section 896 Given Same Construction as Section
1494—Right of Public Officer to Compensation.*

1. The right of appeal from the action of the board of county commis-
sioners in rejecting a claim against the county is limited to mat-
ters in which the commissioners are vested with a judicial func-
tion, and does not include those matters in which the commission-
ers act with discretionary power or in an administrative or gov-
ernmental capacity.

2. No appeal lies from action by county commissioners in fixing the
allowance for clerk hire for county offices.

*M. W. Hunt*, Prosecuting Attorney, for the motion.
*Wilson, Hunt & Garn*, contra.

RICHARDS, J.

This case has been heard by the court upon a motion to dis-
miss the appeal, upon the claim that the case is not one that is
appealable to this court.   It appears that the matter was heard
by the county commissioners in December, 1907, under the stat-
ute providing for compensation or allowance for the hire of
deputies, clerks, assistants, etc., for the various county officers.
At the hearing the county commissioners fixed and allowed the
sum of $1,100 for the year 1908 for the clerk of this court for
the employment of assistants, deputies and clerks.

From that decision the clerk of this court has appealed, and
the matter has now been heard on a motion to dismiss the ap-
peal.   The only question for consideration arises under Section
896 of the Revised Statutes, as to whether the proceeding is
one which is appealable.   That section reads:

"If a person is aggrieved by the decision of the county com-
missioners in any case, such person may, within fifteen days

thereafter, appeal to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial, which notice shall be in writing, and delivered personally to the commissioners, or left with the auditor of the county, and the court shall, at their next session, hear and determine the same, which decision shall be final.''

It is contended by counsel for the commissioners that this is not such a proceeding as is appealable.

The General Assembly of Ohio, by a law recently passed, provided a new method of compensation for county officers, and for those who are employed as assistants for county officers. That law is found in Title 9, Chapter 2 of the Revised Statutes, beginning at Section 1296-11.

As a part of that plan of compensation the various county officers are allowed certain salaries to be computed upon the population of the several counties, and it is further provided as a part of that plan that an allowance shall be made by the county commissioners annually of the sums to be expended from time to time in the several counties for clerk hire, etc. That is a part of the administrative scheme governing the method of conducting the various county offices in the state of Ohio.

It is provided, as follows, in Section 1296-13:

''On November 20th, 1906, each of the aforesaid officers shall prepare and file with the county commissioners a detailed statement of the probable amount necessary to be expended for deputies, assistants, bookkeepers, clerks and other employes of their respective offices, for the year 1907; together with a sworn statement of the amount expended by them for such assistance for the preceding year; and on the 20th of November thereafter shall file a like detailed statement showing in detail the requirements of their offices for the year beginning January 1st thereafter. The county commissioners shall, not later than five days after the filing of such statement, take up and consider the same, and shall determine and fix an aggregate sum to be expended for the period covered by said statement, for the compensation of all such deputies, assistants, bookkeepers, clerks or other employes of said respective officers, which shall be reasonable and proper, regard being had to the amount of labor necessary to be performed by those receiving the same, and shall enter upon their journal a finding of their said action.

"The officers herein named shall appoint and employ such deputies, assistants, clerks, bookkeepers or other employes as may be necessary for their respective offices, and discharge them, and fix their compensation, and shall file with the county auditor certificates showing such action; but such compensation shall not exceed in the aggregate for each office the amount so fixed for that office by the commissioners as herein provided."

That statute is the vital part of the method provided by law for ascertaining what sums ought to be expended, in the judgment of the county commissioners, annually, by the various county officers for assistants, bookkeepers, deputies, clerks and other employes.

The scheme of the General Assembly for providing compensation made it necessary that the right to fix this allowance should be vested in some person, or some board. A similar plan has been adopted for municipalities and towns, as provided in Section 1536-195, Revised Statutes, that in cities and villages reports shall be made to the council, and that they shall make an allowance of the sums to be expended by the various officers. That is a provision, I think, entirely similar in effect to the one now under consideration, and might well be considered with the one we have now to determine. Clearly, no appeal would lie from the amount so determined by council, fixing salaries for city officers.

The constitutionality of the act fixing salaries for county officers has been determined by the circuit court in a case reported in 10 C. C.—N. S., 175. The court say in that case:

"It is competent for the Legislature to fix the salaries of county officers, leaving it to the county commissioners of the several counties to fix the sum to be paid to deputies, assistants, bookkeepers, clerks and other employes."

In the court's opinion, this language is used:

"It can not be said that the officer is entitled to claim the fees as perquisites belonging to him by virtue of his office. The Legislature has always bestowed or denied them at pleasure. Nor can it be claimed in reason that it intended to make an appropriation to the officer as part of his compensation, when it authorized the board of county commissioners to fix the com-

pensation, in the aggregate, for deputies, assistants, bookkeepers and clerks. The law expressly negatives such intent, when it makes it a crime for the officer, directly or indirectly, to receive or appropriate any part of the allowance to his own use and benefit. It would be an anomaly to charge an officer with a crime for receiving his own.     *     *     *

"The Legislature has conferred upon the board of county commissioners in each county the power to judicially determine these questions. The selection of the tribunal must be left to its wisdom. If, under the law, an officer should make application to the board for assistance in the prescribed way, and be refused, then should he be physically unable himself to perform all the duties of the office because of their magnitude, the default would be not his, but that of the board. It must act with legal, not arbitrary, discretion, in the bestowal or refusal of the fund."

The constitutionality of this method of compensation being determined, the right to fix the amount must be vested somewhere, and the General Assembly has seen fit to repose that responsibility and that authority with the county commissioners, and if they have acted in good faith in fixing the allowance, it would be an anomaly if an appeal would lie from their decision.

Not much light can be got on this question by authorities in other states. The attention of the court has been called to a decision in Kentucky, found in *Butler County* v. *Gardner*, 96 S. W., 582, in which it was held under an apparently similar statute to the one under consideration, that such a proceeding was appealable from the decision of the commissioners to the court.

The case of *Linton* v. *Commissioners of Linn County*, 7 Kansas, 79-82, holds directly the reverse, and the court there concludes that the matter was discretionary with the county commissioners and that an appeal will not lie, and this seems to be founded on the better reasons.

This much may be stated with confidence: That a public officer has no right to any compensation except such as may have been provided by the General Assembly; neither does he have the right to have any allowance for his deputies or assistants, unless it has been authorized by the General Assembly. That doctrine was laid down in *Debolt* v. *Trustees*, 7 O. S., 237, and has been applied in many cases since.

A decision of the Supreme Court in *Shepard* v. *Commissioners*, 8 O. S., 354, has been urged upon the court as supporting the contention that the appeal would lie, and apparently, upon reading that case it would seem to justify an appeal, but upon a careful and critical examination of the decision, the court is not of the opinion that it is an authority authorizing an appeal. The case involved certain compensation for a county recorder doing certain work, and as said in *Jones* v. *Commissioners*, 57 O. S., 215, where that case has been reviewed:

"The claim of the recorder, which was the subject of the controversy, was for making indexes, and the point decided is that the recorder could not bring assumpsit against the county, but his only remedy was by appeal from the adverse judgment of the commissioners; but the recorder's claim was based upon a contract which the commissioners had authority to make. He therefore had a valid claim for some amount, and the jurisdiction of the commissioners to pass upon it was unquestioned."

In such a case it would be apparent that the recorder would have a remedy, and if the action of the commissioners was unsatisfactory it would not be final; but that is entirely different from the question of the finality of a decision of the county commissioners under the statute now under consideration, where there is no contract, and where whatever right exists, exists by virtue of the sections of the statutes quoted above.

Again, the case in the 8th Ohio State was not one which came up by appeal, but was a direct action to recover the amount; and that case has been again severely criticized in the case of *Commissioners* v. *Osborn*, 46 O. S., 271; and the last case cited approves and endorses *Commissioners* v. *Ranney*, 13 O. S., 388, which of course was after the decision in the 8th Ohio State and is hardly reconcilable with it. A similar construction should be given to the fee law under consideration as has been given to Section 1494, Revised Statutes, providing for a liability, under certain circumstances, of the township trustees for services of physicians in attending paupers, and it has been repeatedly held that the only amount that can be recovered by physicians in such cases is the amount allowed by the township trustees.

See *Trustees* v. *White,* 48 O. S., 577, and *Trustees* v. *Houston,* 2 C. C., 14.

The similarity between the acts as to the liability of townships and the act now under consideraton, is very close. That act, Section 1494, Revised Statutes, provides in substance that the trustees, when relief is required, shall immediately be notified in writing by the physician, and thereupon the township shall be liable for all relief and services rendered, only in such amount as the trustees and proper officers determine to be just and reasonable.

Now, in the statute under consideration, the language of the limitation is: ''And such' compensation shall not exceed in the aggregate, for each office, the amount so fixed for that office by the commissioners as herein provided.''

It has also been determined by our Supreme Court that no appeal will lie from the action of the county commissioners in fixing the compensation for attorneys in defending paupers charged with crime, or assisting the prosecuting attorneys in prosecuting criminal actions. *Commissioners* v. *Osborn,* 46 O. S., 271, *supra*; *Long* v. *Commissioners,* 75 O. S., 539, 547.

In the last case, which is the latest utterance on the question by our Supreme Court, they say, in the course of the opinion:

''The amount of the compensation is vested in the discretion of the commissioners, and their decision is final.''

It seems to the court, then, that where the board of county commissioners are authorized by law to pass upon and allow or reject claims against the county, the party aggrieved may appeal, but this right can not exist if it is a matter in which the commissioners are vested with a discretionary power, nor if the board is performing an administrative, or governmental, and not a judicial, function.

The General Assembly had to repose this discretion somewhere, and in their wisdom they have vested it in the board of county commissioners, and the court is of the opinion that from the act of the commissioners no appeal will lie. There will therefore be an entry granting the motion to dismiss the appeal,